EN BANC ORDER
JESS H. DICKINSON, PRESIDING JUSTICE,
FOR THE COURT
This matter is before the Court, en banc, on Defendant Toccara Williams’ petition to appeal an interlocutory order of the Circuit Court of Harrison County. Memorial Hospital at Gulfport (“Memorial”) has filed a response.
Williams rear-ended a vehicle and was sued by the driver for damages, including certain medical bills incurred at Memorial. Plaintiff asserts the bills were incurred because of injuries suffered in the accident so, pursuant to Mississippi statute, the plaintiff s assertion “shall be prima facie evidence that such bills so paid or incurred were necessary and reasonable.”[1] This statutory presumption, however, may be rebutted with proper evidence.[2]
Williams, who claims the amounts charged by Memorial for certain of these medical expenses were unreasonable, served Memorial with a Subpoena Duces Tecum and Notice of 30(b)(6) Deposition, seeking testimony regarding certain billing records, the necessity of the services and/or treatment rendered, and the reasonableness of the fees charged. Williams subpoenaed the following documents:
1. All fee. schedules and/or rate schedules applicable on May 1, 2014 for the procedures performed on and services rendered to [the driver].
2. Any and all documentation, internal memos and/or other tangible matter in any way addressing the billing variations *825 for the treatment rendered to [the driver], on May 1, 2014, and/or between patients who are involved in litigation and/or motor vehicular accidents as opposed to patients who are not.
3. Any and all documentation, internal memos and/or other tangible matter in any way addressing the billing variations between patients who are insured versus patients who are uninsured;
4. Any and all documentation, internal memos and/or other tangible matter in any way addressing the billing variations between patients who are insured through a private insurer versus patients who receive Medicare and/or Medicaid benefits; and,
5. Any and all documentation relative to the deponent’s charges to [the driver] for services rendered on or about May 1, 2014, ... in relation and/or comparison to the cost for the same procedures and/or services provided by other healthcare providers throughout Harrison County, Mississippi.
Memorial moved to quash the subpoena and deposition. The trial court granted the motion, prohibiting the deposition and the production of all documents requested by Williams.
We find that, in order to rebut the presumption, Williams is entitled to discover relevant information regarding the reasonableness and necessity of Memorial’s charges which are claimed by the plaintiff to be recoverable damages, and that the trial court erred by quashing the subpoena and prohibiting the deposition. We further find, however, that Memorial may seek by proper motion, reasonable restrictions, limited access and protection—through a protective order, or otherwise—with respect to any information it deems confidential or outside the proper scope of discovery.
IT IS THEREFORE ORDERED that the Petition of Defendant Toccara Williams to Appeal from an Interlocutory Order of the Circuit Court of Harrison County is hereby granted. The notice of appeal is deemed to have been filed, and the filing fee is due and payable to the Clerk of this Court.
IT IS FURTHER ORDERED that the trial court’s Order Granting motion to Quash is reversed and this matter is remanded to the Circuit Court of Harrison County, First Judicial District for further proceedings consistent with this Order.
IT IS FURTHER ORDERED that the costs of this appeal are taxed equally to the parties.
AGREE: ALL JUSTICES.

. Miss. Code Ann. § 41-9-119

. Downs v. Ackerman, 115 So.3d 785, 790 (Miss. 2013).